EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aurora Acevedo Ramos, et als.<br>　　Demandante-Peticionaria<br><br>　　　　v.<br><br>Municipio de Aguadilla<br>　　Demandado-Recurrido | Certiorari<br><br>2001 TSPR 52 |

Número del Caso: CC-2000-377

Fecha: 11/abril/2001

Tribunal de Circuito de Apelaciones:
　　　　　　　　　　　　　　Circuito Regional IV

Juez Ponente:
　　　　　　　　　　　　　　Hon. Jocelyn López Vilanova

Abogado de la Parte Peticionaria:
　　　　　　　　　　　　　　Lcdo. Israel Roldán González

Abogado de la Parte Recurrida:
　　　　　　　　　　　　　　Lcdo. Pablo B. Rivera Díaz

Materia: Daños y Perjuicios

　　　　Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Aurora Acevedo Ramos,
et. als.

    Demandante-recurrente

        vs.                       CC-2000-377        CERTIORARI

Municipio de Aguadilla

    Demandado-recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 11 de abril de 2001

        La parte demandante-recurrente se compone de un grupo de cincuenta y siete (57) empleados <u>de carrera</u> del Municipio de Aguadilla que el Alcalde Carlos Méndez Martínez cesanteó. Dichos empleados recibieron las cartas de despido entre el 3 y el 9 de julio de <u>1997</u>.

        El 31 de julio <u>del mismo año</u>, los empleados cesanteados apelaron ante la Junta de Apelaciones del Sistema de Administración de Personal (JASAP). Alegaron que, teniendo más antigüedad en sus empleos que otros que permanecieron en sus puestos, fueron objeto de despido indebido, en violación al debido proceso de ley; que tenían

derechos adquiridos como empleados públicos y, en vista a ello, solicitaron de la Junta que declarase ilegales y nulas las cesantías y ordenara su reinstalación a sus antiguos puestos. El Municipio, en su "contestación", alegó que los empleados fueron cesanteados legalmente ya que éstos tuvieron que ser terminados en sus empleos conforme un "plan de cesantía" aprobado por razón del cierre de unos Centros de Diagnósticos.

El 10 de junio de 1998, los mencionados ex-empleados del Municipio radicaron demanda, por daños y perjuicios, contra el Municipio ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla. En la demanda, hicieron básicamente las mismas alegaciones que habían hecho en el recurso de apelación ante JASAP[1], añadiendo que, debido a lo alegado, el Municipio les causó daños, sufrimientos y angustias mentales, los cuales valoraron en $50,000.00 por cada demandante.

El 3 de julio de 1998, los empleados cesanteados solicitaron de JASAP que, en pro de la economía procesal, les permitiera desistir, sin perjuicio, de la reclamación incoada ante dicha Agencia, ello con el propósito de evitar que dos foros considerasen la misma reclamación. El Municipio se opuso a dicha solicitud señalando que el Reglamento Procesal de JASAP establece que todo desistimiento de una acción es con perjuicio.

JASAP le concedió cinco (5) días laborables a los entonces apelantes para que informaran ante qué foro interesaban continuar litigando su reclamación. En la orden que a esos efectos emitiera la referida Agencia, se hizo constar, en lo pertinente, que:

> "Por tanto, se le concede a la parte apelante un término de cinco (5) días laborables contados a partir del archivo en autos de la presente Orden para la Secretaría de J.A.S.A.P., para que decida, en que Foro desea continuar litigando. No puede la parte apelante litigar los mismos hechos ante dos (2) Foros distintos simultáneamente. Dicha situación, además, de una pérdida de recursos podría dar lugar, a decisiones contradictorias, entre ambos Foros. Así mismo, una determinación del Tribunal de Primera Instancia, Sala Superior, sobre los mismos hechos en controversia, constituiría cosa juzgada para J.A.S.A.P."

---

[1] La demanda señalaba que las cesantías eran nulas por violar el debido proceso de ley y por no tomar en cuenta la eficiencia de los empleados ni el tiempo de servicio de éstos. Reclamaron la reinstalación a sus puestos al igual que todos los salarios y beneficios dejados de percibir.

Los empleados cesanteados _informaron_ que interesaban continuar litigando su causa de acción ante el foro judicial. Mediante resolución de 14 de agosto de 1998, JASAP archivó _con_ perjuicio la apelación instada ante dicha Agencia.

El 14 de diciembre de 1998, el Municipio solicitó del tribunal la _desestimación de la demanda_ arguyendo que el tribunal carecía de jurisdicción para entender en la controversia ya que la parte demandante _no_ le había notificado su reclamo por daños al alcalde, dentro de los noventa (90) días siguientes a la fecha en que conocieron de la causa de acción, así como que éstos _no_ habían agotado los remedios administrativos.

Luego de escuchar la posición de las partes, el tribunal de primera instancia _desestimó_ la acción mediante sentencia de fecha 14 de octubre de 1999. En la misma, el tribunal determinó que los demandantes habían incumplido  con el requisito de notificar su reclamación al Alcalde y de agotar los remedios administrativos; posteriormente, el foro de instancia denegó una moción sobre determinaciones de hechos adicionales que, a tenor con la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. R. 43.3, había presentado la parte demandante.

El 29 de diciembre de 1999, los demandantes _apelaron_ ante el Tribunal de Circuito de Apelaciones _señalando que el tribunal de instancia había errado_: (1) al determinar que la parte demandante _no_ notificó al Municipio de la acción de daños; y (2) al resolver que la parte demandante venía obligada a agotar la vía administrativa. El Municipio se opuso al recurso presentado.

Mediante _resolución_ emitida el 14 de marzo de 2000, el Tribunal de Circuito de Apelaciones _confirmó_ la sentencia apelada al determinar que la parte apelante incumplió con el requisito jurisdiccional de notificar al alcalde de su reclamación por daños, resolviendo que la apelación ante JASAP _no_ constituyó la notificación requerida por ley.

Inconformes con la Resolución del Tribunal Apelativo, los demandantes-peticionarios comparecieron ante este Tribunal, mediante

certiorari presentado el 25 de abril de 2000, señalando que el foro

apelativo intermedio había errado:

> "...al concluir que la parte demandante-recurrente no notificaron (sic) al Municipio sobre su causa de acción en daños dentro del término de 90 días dispuesto por ley.

> ... al confirmar la desestimación efectuada por el Tribunal de Instancia aún cuando de la faz de la demanda original y de la demanda enmendada surge una causa de acción por despido ilegal la cual no está sujeta al término de 90 días invocado por el Municipio.

> ... al no concluir que la causa de acción incoada por la parte demandante-recurrente relacionada a la violación del Derecho a un Debido Proceso de Ley de éstos por la parte del Municipio no requería el agotamiento del trámite administrativo."

**Expedimos** el auto solicitado. Estando en condiciones de resolver el

recurso radicado, procedemos a así hacerlo.


                              I

Los peticionarios alegan que cumplieron con el requisito de notificar

al Municipio, dentro de los noventa (90) días siguientes a la fecha en que

el reclamante conoció de la causa de acción, en cumplimiento con el Artículo

15.03 de la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991,

21 L.P.R.A. sec. 4703, al haber ellos apelado ante JASAP. Sostienen que

dicha apelación, al contener esencialmente las mismas reclamaciones que

luego se pautaron en la demanda, tuvo el efecto de notificar o avisar al

Municipio y a su alcalde de la reclamación del demandante; hecho que hacía

innecesaria la notificación específica contemplada en el referido estatuto.

La Ley de Municipios Autónomos del Estado Libre Asociado de Puerto

Rico, Ley Núm.81, *ante,* Artículo 15.003, en lo pertinente dispone:

> "Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o de la propiedad, ocasionados por la culpa o negligencia del municipio, <u>deberá presentar al Alcalde una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia</u>.

> a) Forma de entrega y término para hacer la notificación.

> Dicha notificación se entregará al Alcalde, remitiéndole por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.
>
> La referida notificación escrita deberá presentarse al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.
>
> [. . .]

> (b) Requisito Jurisdiccional
>
> No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en esta ley." 21 L.P.R.A. Sec. 4703 (Enfasis suplido.)

La Ley de Municipios Autónomos de 1991, _supra_, sustituyó la Ley Orgánica de los Municipios de 1980, la cual a su vez derogó a la Ley Municipal de 1960. Esta última fue la que por primera vez estableció el requisito de notificación al ejecutivo municipal, previo la iniciación judicial de cualquier reclamación por daños personales o a la propiedad causado por culpa o negligencia de la entidad municipal.

Asimismo, la Ley de Reclamaciones y Demandas contra el Estado se adoptó en 1955[2], pero no fue hasta el año 1966 que mediante la Ley Núm. 121 de 24 de junio se enmendó para añadirle el requisito de notificación previa al Estado en casos de demandas.

La jurisprudencia interpretativa de estas dos leyes, las cuales establecen el requisito de notificación previa en demandas contra el Estado o los municipios, _ha sido abundante_.

La _norma general_ es que el requisito de notificación debe ser aplicado, de manera rigurosa, en acciones contra el Estado o los municipios por daños ocasionados por la culpa o negligencia de éstos. _López y otros_ v. _Autoridad de Carreteras_, 133 D.P.R. 243 (1993); _E.L.A._ v. _Tribunal Superior_, 104 D.P.R.

---

[2] Ley Núm. 104 de 24 de junio de 1955, 32 L.P.R.A. sec. 3077a.

160 (1975); <u>Ortiz</u> v. <u>Gobierno Municipal de Ponce</u>, 94 D.P.R. 472 (1967); <u>Mangual</u> v. <u>Tribunal Superior</u>, 88 D.P.R. 491 (1963).

Debe mantenerse presente, <u>sin embargo</u>, que el mencionado requisito <u>no</u> alcanza calidad de condición de precedente jurisdiccional <u>y que se han permitido excepciones en circunstancias donde el esquema legislativo carece de virtualidad, propósito u objetivo y donde jurídicamente no hay razón para aplicarlo</u>. Véase: <u>Romero Arroyo</u> v. <u>E.L.A.</u>, 127 D.P.R. 724 (1991); <u>Passalacqua</u> v. <u>Municipio de San Juan</u>, 116 D.P.R. 618 (1985); <u>Meléndez Gutiérrez</u> v. <u>E.L.A.</u>, 113 D.P.R. 383 (1982); <u>Figueroa</u> v. <u>E.L.A.</u>, 113 D.P.R. 327 (1982); <u>Rivera Vicenti</u> v. <u>E.L.A.</u>, 106 D.P.R. 357 (1977); <u>Rivera Rivera</u> v. <u>Trinidad</u>, 100 D.P.R. 776 (1972); <u>Díaz</u> v. <u>Municipio de Cayey</u>, 99 D.P.R. 196 (1970); <u>Ins. Co.</u> v. <u>Ruiz</u>, 96 D.P.R. 175 (1968); <u>Rosario Quiñones</u> v. <u>Municipio de Ponce</u>, 92 D.P.R. 586 (1965); <u>García</u> v. <u>Northern Assurance Co.</u>, 92 D.P.R. 245 (1965).

El requisito de notificación responde a unos <u>fines públicos específicos</u> de proteger a los Municipios de acciones ajenas a su conocimiento. En reiteradas ocasiones, hemos identificado los siguientes propósitos:

1- proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación;
2- desalentar las reclamaciones infundadas;
3- Propiciar un pronto arreglo de las mismas;
4- permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios;
5- descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlos mientras su recuerdo es más confiable;
6- advertir a las autoridades municipales de la existencia de la reclamación para que provea la reserva necesaria en el presupuesto anual; y,
7- mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. <u>Mangual</u> v. <u>Tribunal Superior</u>, 88 D.P.R. 491, pág. 494 (1963).

En <u>Mangual</u> v. <u>Tribunal Superior</u>, ante, págs. 498-499, señalamos que: "el requisito de notificación es una condición previa de cumplimiento estricto". No obstante, nuestras decisiones en <u>García</u> v. <u>Northern Assurance Co.</u>, 92 D.P.R. 586 (1965); <u>Insurance Co. of P.R.</u> v. <u>Ruiz</u>, 96 D.P.R. 175 (1968); <u>Díaz</u> v. <u>Municipio de Cayey</u>, 99 D.P.R. 196 (1970); y <u>Passalacqua</u> v. <u>Mun. de San Juan</u>, 116 D.P.R. 619, han seguido una "trayectoria

liberalizadora" del requisito de notificación al alcalde. Es decir, hemos eximido en determinadas situaciones a la parte demandante del requisito de notificar al municipio dentro del término de noventa días. En López v. Autoridad de Carreteras, ante, pág. 252, aclaramos que dicha trayectoria "no ha sido la de dejar sin efecto un requisito que el legislador puertorriqueño claramente ha insistido en que debe cumplirse, sino aplicarlo a los casos en los que propiamente debe aplicarse, sin rigorismos desmedidos". (Enfasis suplido.)

Igualmente, en Meléndez Gutiérrez v. E.L.A., 113 D.P.R. 811, 815 (1983), reiterado en Romero Arroyo v. E.L.A., 127 D.P.R. 724 (1991), señalamos que en los casos "donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos y donde el Estado, por tanto, puede fácilmente investigar y corroborar los hechos alegados en la demanda que se radique no es de aplicación inexorable" el requisito de notificación previa.

Recientemente, en Méndez Pabón, et als. v. Méndez Martínez, res. el 5 de julio de 2000, 2000 TSPR 121, se planteó una situación de hechos análoga a la que hoy nos ocupa. En este caso, dieciséis (16) empleados municipales de carrera reclamaron que el alcalde los despidió ilegalmente debido a discrimen por razones políticas. Éstos demandaron al Municipio de Aguadilla, y a su alcalde, por violación a sus derechos civiles y daños y perjuicios. El Municipio alegó que los demandantes no le habían dado cumplimiento al requisito de notificación establecido en el Artículo 15.003 de la Ley de Municipios Autónomos. Al reiterar la norma jurisprudencial en torno al cumplimiento estricto y la aplicación flexible del requisito de notificación del Artículo 15.003 de la referida Ley, establecimos que dicho requisito no era impedimento que privaba a los allí demandantes de su causa de acción, ello por dos razones.

Destacamos en Méndez Pabón, ante, en primer lugar, que el alcalde, el mismo funcionario municipal a quien se dirigen las notificaciones de reclamaciones judiciales por daños y perjuicios, alegadamente había provocado los hechos en controversia. Resolvimos que, al conocer el alcalde, personalmente, los alegados hechos, el Municipio también tenía conocimiento

de los mismos, conociendo así la identidad de los testigos y podía "investigar, corroborar o refutar los hechos alegados en la demanda radicada". <u>En segundo término</u>, enfatizamos el hecho de que el Municipio, como consecuencia de la radicación por parte de los empleados de una acción ante JASAP, tenía pleno conocimiento de los hechos alegados por dichos empleados, estando impedido el municipio de demostrar, con éxito, la defensa de estado de indefensión por causa de falta de notificación. En otras palabras, resolvimos que la apelación ante JASAP tenía el mismo efecto de la notificación requerida por la Ley de Municipios Autónomos.

En el caso de marras, <u>situación idéntica</u> a la de <u>Méndez Pabón</u>, ante, no sólo el alcalde tenía conocimiento personal de los hechos alegados en la demanda sino que los demandantes presentaron su apelación ante JASAP, en la cual reseñaron los mismos hechos que luego reclamaron en la demanda judicial.[3]

Forzoso resulta concluir, <u>en consecuencia</u>, que el Municipio fue notificado oportunamente sobre las reclamaciones de los demandantes-peticionarios. <u>Incidió por tanto, en cuanto a este aspecto, el Tribunal de Circuito de Apelaciones al resolver que el tribunal de instancia carecía de jurisdicción</u>, alegadamente por razón de que los demandantes habían incumplido con el requisito de notificación provisto en el Artículo 15.003 de la Ley de Municipios Autónomos, ante.

Ello nos obliga a entrar a considerar, y resolver, los restantes señalamientos de error que hace la parte demandante peticionaria; señalamientos que <u>no</u> consideró, <u>ni</u> resolvió el Tribunal de Circuito de Apelaciones.

II

---

[3] Como señalamos en dicho caso: "Indiscutiblemente, como cuestión de hecho, el Municipio de Aguadilla no puede alegar, con éxito, estado de indefensión por causa de falta de notificación, pues los hechos que motivan esta controversia fueron traídos a la atención investigativa de los demandados prontamente como consecuencia de la tramitación de la reclamación correspondiente ante J.A.S.A.P."

Los demandantes-peticionarios aducen, además, que incidió el tribunal de primera instancia al determinar que se requería agotar el trámite administrativo ya que la causa de acción involucraba violaciones al debido proceso de ley, determinación de instancia, <u>repetimos</u>, que el tribunal apelativo intermedio <u>no</u> consideró, <u>ni</u> resolvió, en la apelación instada. Los empleados sostienen que, debido a la naturaleza de la reclamación, estaban exentos de agotar los recursos administrativos. <u>Veamos</u>.

La doctrina de agotamiento de los remedios administrativos requiere que los casos que se inician en el foro administrativo lleguen a su fin en la agencia antes de llegar al foro judicial. Es decir, y conforme esta doctrina, el foro judicial debe abstenerse hasta que concluyan los trámites administrativos. <u>Guadalupe Saldaña</u> v. <u>Pres. U.P.R.</u>, 133 D.P.R. 42, 49, (1993); <u>Colón Ventura</u> v. <u>Méndez, Dept. Recursos Naturales</u>, 130 D.P.R. 433, 443, (1992); <u>Mercado Vega</u> v. <u>U.P.R.</u>, 128 D.P.R. 273 (1991); <u>Delgado Rodríguez</u> v. <u>Nazario de Ferrer</u>, 121 D.P.R. 347 (1988). Así, la decisión que llega al tribunal refleja la posición final de la entidad administrativa. <u>E.L.A.</u> v. <u>12,974.78 Metros Cuadrados</u>, 90 D.P.R. 506 (1964). Es una manera de balancear los poderes entre las agencias y los tribunales para así coordinar los esfuerzos entre las mismas. <u>Ferrer Rodríguez</u> v. <u>Figueroa</u>, 109 D.P.R. 398 (1980); véase, además, <u>Vélez Ramírez</u> v. <u>Romero Barceló</u>, 112 D.P.R. 716 (1982); <u>Febres</u> v. <u>Feijoó</u>, 106 D.P.R. 676 (1978).

-A-

En situaciones, <u>como la que se plantea en el presente caso</u>, en las que el foro administrativo <u>no</u> está facultado por ley para conceder indemnización por daños y perjuicios, sufridos a causa de una actuación gubernamental, es preciso acudir al foro judicial, <u>dentro del término prescriptivo</u>, en reclamo de los daños y perjuicios que el empleado sufre. <u>Cintrón</u> v. <u>E.L.A.</u>, 127 D.P.R. 582 (1990); <u>Igartúa de la Rosa</u> v. <u>Administración del Derecho al Trabajo</u>, res. el 23 de diciembre de 1998, 98 TSPR 170.

Por ende, y aun cuando la acción comience en la esfera administrativa, si es que se pretende reclamar daños y perjuicios, <u>la parte debe acudir al</u>

foro judicial dentro del término prescriptivo, quedando la acción judicial suspendida hasta que el dictamen administrativo sea final y firme. Véase Delgado Rodríguez v. Nazario de Ferrer, ante, Cervecería India v. Tribunal Superior, 103 D.P.R. 686, págs. 691-692, (1975).

A esos efectos, en Cintrón v. E.L.A., ante, pág. 595, afirmamos que es aconsejable que, en esos casos, el foro judicial suspenda "la acción judicial hasta tanto el dictamen administrativo advenga final y firme para, además, evitar así la duplicidad de esfuerzos y determinaciones incompatibles entre los distintos foros".

No hay duda, en consecuencia, de que los empleados demandantes actuaron correctamente al acudir al foro judicial, en reclamo de los alegados daños y perjuicios que supuestamente sufrieron como consecuencia del despido decretado, dentro del término prescriptivo de un (1) año que establece el Artículo 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298. De no haber así actuado, hubieran perdido su causa de acción por daños y perjuicios.

-B-

La Ley de Municipios Autónomos de Puerto Rico, 21 L.P.R.A. Sec. 4001 et seq., Artículo 11.002, establece que la Junta de Apelaciones del Sistema de Administración de Personal "será el organismo apelativo del sistema de administración de personal municipal. Los procedimientos de reglamentación y adjudicación respecto del personal municipal, también estarán sujetos a la secs. 2101 et seq. del Título 3, conocidas como Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

En vista de la designación legislativa contemplada en el referido estatuto, en Rivera Ortiz v. Municipio de Guaynabo, 141 TSPR 257, 271-271 (1996), establecimos que JASAP tiene jurisdicción primaria exclusiva para entender en las reclamaciones de empleados municipales relacionados con la administración de personal. Dicha jurisdicción se extiende desde casos relacionados al sistema de personal a las áreas esenciales del mérito, hasta

otras, tales como acciones disciplinarias, beneficios marginales y la jornada de trabajo.[4]

Por otro lado, el Artículo 12.013 de la Ley de Municipios Autónomos, ante, concede a los empleados afectados en una cesantía municipal el derecho de apelar ante JASAP. Dicho artículo dispone, en lo pertinente, que:

> "Los empleados de carrera deberán ser notificados, por escrito, de los procedimientos seguidos para decretar las cesantías y de los criterios utilizados. Se les notificará, además, su derecho de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal. Ninguna cesantía será efectiva a menos que se notifique con treinta (30) días de antelación a su efectividad."

El propio texto de la ley establece la jurisdicción apelativa de JASAP en torno a las cesantías municipales. El claro mandato legislativo impone un deber de acudir, en primera instancia, al foro administrativo. JASAP tiene la jurisdicción primaria para atender los reclamos de los empleados cesanteados. Por lo tanto, el foro judicial deberá abstenerse "para permitir al organismo enjuiciar una materia de su competencia, bajo el supuesto de que éste posee unas destrezas y conocimientos especializados". Delgado Rodríguez v. Nazario de Ferrer, ante, pág. 354. No obstante, el Poder Judicial conserva la autoridad para intervenir en los momentos que sea necesario para evitar un daño irreparable a una persona. Al tener los tribunales información más precisa sobre los fundamentos de la actuación gubernamental, la revisión judicial se facilita. Guadalupe Saldaña, ante, págs. 49-50.

No hay duda, en consecuencia, de que J.A.S.A.P. era el foro adecuado para entender y resolver, en primera instancia, las alegaciones y planteamientos de los empleados cesanteados en el presente caso respecto a si las cesantías de que ellos fueron objeto de parte del Municipio de Aguadilla son, o no, legales y si procede, o no, su reinstalación a los empleos que ocupaban, etc.

Como bien señalamos en Iguartúa de la Rosa v. Adm. del Derecho al Trabajo, ante, "la presentación de una reclamación de daños en los tribunales

---

[4] No obstante, en el antes mencionado caso, expresamos que las partes que estén inconformes con lo resuelto ante JASAP pueden

no puede ser utilizada como un subterfugio para burlar la obligación de agotar los remedios administrativos cuando, inmersa en la reclamación judicial subyacen controversias que requieren ser adjudicadas inicialmente por el foro administrativo".

El requisito de agotar los remedios dentro de la jurisdicción primaria de la agencia administrativa no se puede preterir para acceder dicha jurisdicción al tribunal de primera instancia, a menos que se cumplan algunas de las excepciones que relevan del requerimiento, cuales son: (1) que el remedio que provee la agencia sea inadecuado; (2) que se pudiera producir un daño irreparable al promovente y en el balance de los intereses no se justifique agotar los remedios administrativos; (3) que se alegue la violación sustancial de derechos constitucionales; o (4) cuando se trata de un caso claro de falta de jurisdicción de la agencia, entre otras. Iguartúa de la Rosa v. Adm. del Derecho al Trabajo, ante, y los casos allí citados. También, la sección 4.3 de la Ley de Procedimiento Administrativo Uniforme[5], ante, provee una excepción o relevo al agotamiento de los remedios administrativos que contempla las mismas excepciones establecidos jurisprudencialmente.

Cuando se intente reinvindicar derechos constitucionales en primera instancia ante el foro judicial, dichos planteamientos se deberán reclamar antes de iniciarse el proceso administrativo, a menos que surjan después de ejercitada la jurisdicción administrativa. Si la violación ocurre luego de instado el trámite administrativo, entonces la misma estará sujeta a la revisión judicial, conforme con las Secciones 4.1 y 4.2 de la Ley de Procedimientos Administrativos Uniforme, 3 L.P.R.A. secs. 2171 y 2172.

_____

acudir en revisión ante el foro judicial.

[5] "El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesario la pericia administrativa."

"La violación que en realidad contempla la excepción tiene que haber sucedido <u>con antelación</u> a que se inicie el proceso administrativo. Es lo que da lugar a que se invoque el procedimiento administrativo". D. Fernández Quiñonez, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2<sup>da.</sup> ed., Colombia, Forum, 2001, pág. 480. (Enfasis suplido.)

Desde <u>First Fed. Savs.</u> v. <u>Asoc. de Condómines</u>, 114 D.P.R. 426 (1983), hemos expresado que no se margina automáticamente el proceso administrativo por invocar lesiones a derechos constitucionales. Igualmente, en <u>Vélez Ramírez</u> v. <u>Romero Barceló</u>, ante, reiterado en <u>Mercado Vega</u> v. <u>U.P.R.</u>, ante, y <u>Guadalupe Saldaña</u> v. <u>Pres. U.P.R.</u>, ante, sostuvimos que la impugnación constitucional de actuaciones administrativas está sujeta al agotamiento de los remedios administrativos. Es necesario demostrar que el agravio es de <u>tan grave y patente intensidad</u>, que se justifica eludir el cauce administrativo, para que proceda un reclamo al amparo de los derechos constitucionales. Véase, además, <u>Gracia Ortiz</u> v. <u>Policía de Puerto Rico</u>, 140 DPR 247 (1996); <u>Paoli Méndez</u> v. <u>Rodríguez</u>, 138 DPR 449 (1995); <u>Rivera</u> v. <u>Depto. De Servicios Sociales</u>, 132 D.P.R. 240 (1992); <u>Rivera</u> v. <u>E.L.A.</u>, 121 D.P.R. 582 (1988); <u>García Cabán</u> v. <u>U.P.R.</u>, 120 D.P.R. 167 (1987); <u>Clemente</u> v. <u>Depto. de la Vivienda</u>, 114 D.P.R. 763 (1983); <u>Santiago</u> v. <u>Superintendente de la Policía</u>, 112 D.P.R. 205 (1982); <u>Pedraza Rivera</u> v. <u>Collazo Collazo</u>, 108 D.P.R. 272 (1979); <u>Pierson Muller I</u> v. <u>Feijoó</u>, 106 D.P.R. 838 (1978); <u>Otero Martínez</u> v. <u>Gobernador</u>, 106 D.P.R. 552 (1977).

Los peticionarios señalan en su alegato que al transcurrir un año sin que JASAP resolviera la apelación u ordenase la restitución a los puestos, ellos optaron por presentar la demanda en el tribunal de primera instancia; pretendiendo, con esa acción, dilucidar en el foro judicial no sólo la reclamación de daños sino que todas sus alegaciones y planteamientos sobre despido injustificado, etc. El hecho de que los remedios administrativos sean lentos no justifica la preterición del requisito de agotamiento. Se requiere que éstos constituyan "una gestión inútil e inefectiva o que produzcan un daño irreparable." <u>Guadalupe</u> v. <u>Saldaña, Pres. U.P.R.</u>, ante, pág. 50.

Precisa destacar que los peticionarios no acudieron al foro judicial mediante el recurso de <u>injunction</u> para vindicar los derechos constitucionales alegadamente lesionados. Es el injunction el remedio que hemos reconocido, a modo de excepción, para acudir en primera instancia al foro judicial y obviar el proceso administrativo por alegadas violaciones a derechos civiles del empleado. Se solicita cuando el procedimiento ordinario no provee un remedio rápido, adecuado y eficaz frente a un agravio de patente intensidad que reclaman urgente reparación. <u>Gracia Ortiz</u> v. <u>Policía de P.R.</u>, ante; <u>Delgado</u> <u>Rodríguez</u> v. <u>Nazario de Ferrer</u>, ante; <u>Pedraza Rivera</u> v. <u>Collazo Collazo</u>, ante; <u>First Fed. Savs.</u> v. <u>Asociación de Condómines</u>, ante; <u>Pierson Muller I</u> v. <u>Feijoó</u>, ante; <u>Otero Martínez</u> v. <u>Gobernador</u>, ante.

No obstante, hemos advertido que "la elección del foro judicial por empleados cuya contención propiamente debe dilucidarse en primera instancia por la vía administrativa ante la Junta de Apelaciones, <u>es práctica nociva que los tribunales deben desalentar y abolir, exigiendo un irrecusable grado de autenticidad y claridad en el planteamiento constitucional al amparo de la Ley de Derechos Civiles</u>". Véase: <u>Pierson Muller I</u> v. <u>Feijoó</u>, ante, pág. 853. (Enfasis suplido.)

Por otro lado, una vez sometido el caso a la agencia administrativa, y pendiente su adjudicación, el remedio disponible para obligar al foro administrativo que cumpla con su deber ministerial es el <u>mandamus</u> ante el Tribunal de Circuito de Apelaciones. <u>Junta Exam. de Tecnólogos Médicos</u> v. <u>Elías</u>, res. el 26 de noviembre de 1997, 144 D.P.R.__ (1997).

El caso de marras <u>no</u> contempla situación alguna que pueda encajar en las excepciones estatutarias y jurisprudenciales para preterir los trámites administrativos. Los peticionarios <u>no</u> probaron una lesión de tan patente intensidad que permitiera obviar los remedios administrativos disponibles; y, aún así, no utilizaron los recursos extraordinarios que nuestro ordenamiento provee para reivindicar esos derechos constitucionales.

-C-

Lo anteriormente expresado, sin embargo, no dispone totalmente del caso. Como surge de la relación de hechos, luego de que los empleados radicaran el recurso de apelación ante JASAP --en revisión de las cesantías decretadas por el Municipio-- y con posterioridad a haber radicado una demanda ante el foro judicial --en reclamación de los alegados daños y perjuicios sufridos como consecuencia de los despidos-- éstos, equivocadamente, pretendieron desistir de la apelación ante JASAP con el propósito de dilucidar todas las controversias ante el foro judicial. El Municipio de Aguadilla, al oponerse, correctamente señaló que, de decretarse dicho desistimiento, el mismo tendría que ser con perjuicio.

Increíblemente, y como hemos visto, JASAP emitió una orden, dirigida a los empleados, mediante la cual le concedió un breve término a éstos para que decidieran en qué foro, el administrativo o el judicial, querían continuar litigando las controversias planteadas ya que, conforme equivocadamente expuso la referida agencia, dichos empleados no podían litigar en dos foros a la misma vez. Dicho de otra forma, JASAP no se percató que las controversias planteadas ante dicha agencia y el foro judicial, a pesar de que tenían elementos en común, eran distintas, como tampoco se percató que dicha agencia no tenía la autoridad o facultad para cederle, al foro judicial, la solución de las controversias planteadas, relativas a la administración de personal municipal, que por mandato de ley, dicha agencia viene en la obligación de resolver en primera instancia, ello debido, entre otras razones, al "conocimiento especializado" que supuestamente tiene dicha agencia.

De entrada, debemos dejar claro el hecho de que, conforme nuestro ordenamiento jurídico, la "ignorancia de las leyes no excusa de su cumplimiento".[6] Ello, naturalmente, y en lo pertinente al caso ante nuestra consideración, significa que los empleados demandantes sabían, o debían saber, que su solicitud de desistir de la apelación, por ellos radicada ante JASAP, sería con perjuicio, con las consecuencias jurídicas que ello conlleva.

---

[6] Artículo 2 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2.

No obstante, no podemos pasar por alto ni ignorar el hecho de que JASAP por medio de la orden que emitiera --concediéndole la "opción" a los empleados de "escoger" el foro ante el cual deseaban litigar sus reclamos de personal-- no solamente incurrió en un acto ultra vires, al ceder su jurisdicción, sino que ciertamente indujo a error a dichos empleados.

La cuestión a decidir, entonces, es si la determinación de JASAP de declarar con lugar el desistimiento solicitado-- la cual no fue objeto de revisión-- es una que obliga a los demandantes, poniéndole fin a sus reclamos sobre despido injustificado, etc., ó, si la referida determinación es una nula que no tiene efecto jurídico alguno, razón por la cual se tiene por no emitida. La contestación a dicha interrogante, ciertamente, no es de fácil solución.

En Misión Industrial v. Junta de Planificación y otros, res. el 30 de junio de 1998, 98 TSPR 86, este Tribunal expresó, en lo pertinente al caso que hoy ocupa nuestra atención que:

> "Al ejercer su función, el tribunal debe examinar primero si la actuación del organismo administrativo se ajusta al poder que le ha sido delegado, cf., Viajes Gallardo v. Clavell, op. de 30 de junio de 1992, 92 J.T.S. 90, en las págs. 9683-84; Hernández Denton v. Quiñones Desdier, 102 D.P.R. 218, 223-24 (1974), pues de lo contrario su actuación sería ultra vires y, como consecuencia, nula. Véanse, Fuertes v. Administración de Reglamentos y Permisos. op. de 17 de diciembre de 1993, 93 J.T.S.165, en la pág. 11386; P.S.P. v. Com. Estatal de Elecciones, 110 D.P.R. 400, 409 (1980); Del Rey v. J.A.C.L., 107 D.P.R. 348, 355 (1978); E.L.A. v. Rivera, 88 D.P.R. 196, 199 (1963); Infante v. Tribunal Examinador de Médicos, 84 D.P.R. 308, 314 n.5 (1961)."

En vista de las claras disposiciones --y el mandato-- de la Ley de Municipios Autónomos que antes reseñamos --a los efectos de que JASAP es el organismo apelativo del sistema de personal municipal, al cual deberán acudir en primera instancia los empleados municipales que hayan sido cesanteados-- no cabe duda alguna de que la actuación de JASAP en el presente caso, al ceder su jurisdicción al foro judicial, no se ajustó al poder o autoridad que le fuera delegado por la Asamblea Legislativa de Puerto Rico; razón por la cual su actuación fue ultra vires "y, como consecuencia, nula". Misión Industrial v. Junta de Planificación, ante.

Sabido es que "...lo nulo nunca tuvo eficacia alguna, nunca 'nació' en derecho, nunca existió". <u>Montañez Rivera</u> v. <u>Policía de P.R.</u>, res. el 3 de mayo de 2000, 2000 TSPR 68. Dicho de otra forma, las actuaciones nulas <u>no</u> producen consecuencias jurídicas. Por ende, la resolución de JASAP, de fecha 14 de agosto de 1998 --mediante la cual ordenó el archivo con perjuicio de la apelación que los empleados demandantes habían radicado ante dicha agencia, actuación realizada con el propósito de <u>cederle</u> la jurisdicción al foro judicial sobre los asuntos ante su consideración-- nunca existió, razón por la cual nunca tuvo consecuencia jurídica alguna. Dicho recurso de apelación, a todos los fines jurídicos, sigue pendiente, y "vivo", ante JASAP.

### III

En atención a todo lo anteriormente señalado, resulta procedente en derecho dictar Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones, decretándose: a) la devolución del caso, <u>al foro administrativo</u>, con instrucciones a JASAP para que proceda a resolver el recurso de apelación instado ante dicha agencia por los empleados demandantes; y b) la devolución de la demanda judicial por daños y perjuicios, <u>al tribunal de instancia</u>, con instrucciones de que <u>suspenda</u> los procedimientos hasta tanto la decisión de JASAP, en el recurso de apelación, advenga final y firme.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Aurora Acevedo Ramos,
et. als.

    Demandante-recurrente

       vs.                  CC-2000-377        CERTIORARI

Municipio de Aguadilla

    Demandado-recurrido

SENTENCIA

San Juan, Puerto Rico, a 11 de abril de 2001

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Circuito de Apelaciones, decretándose: a) la devolución del caso, <u>al foro administrativo</u>, con instrucciones a JASAP para que proceda a resolver el recurso de apelación instado ante dicha agencia por los empleados demandantes; y b) la devolución de la demanda judicial por daños y perjuicios, <u>al tribunal de instancia</u>, con instrucciones de que <u>suspenda</u> los procedimientos hasta tanto la decisión de JASAP, en el recurso de apelación, advenga final y firme.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente con la siguiente expresión: "Entiendo que la determinación de JASAP de declarar con lugar el desistimiento voluntario de los recursos de apelación pendientes ante sí, la cual no fue objeto de revisión judicial, es una que obligó a los aquí peticionarios y puso fin a sus reclamos de despido injustificado. No comparto la óptica de que la referida determinación es una nula, que no tiene efecto jurídico, razón por la cual se debe considerar como emitida. Los apelantes tenían                  su

representación legal y aun así solicitaron el desistimiento voluntario de su recurso ante JASAP. Esta situación fáctica no amerita la aplicación por este Tribunal de nuestra norma jurisprudencial pautada en <u>Misión Industrial</u> v. <u>Junta de Planificación</u>, res. el 30 de junio de 1998, 98 TSPR 86, 146 D.P.R.__(1998), 98 J.T.S. 79." El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo