EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandante y recurrido, *v.* ANA D. RIVERA, demandada y recurrente.

*Número:* R-62-149     *Resuelto:* 25 de abril de 1963

*H. Lugo Bougal,* abogado de la recurrente; *Quintín Morales Ramírez, Edwin R. Bonilla Vélez, Luis A. Rodríguez* y *Ernesto Rodríguez Font,* abogados de la Junta de Planificación.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Hernández Matos.

PER CURIAM: Se trata de una demanda de *injunction* interpuesta en la Sala de Ponce del Tribunal Superior por la Junta de Planificación, para que se ordenara a la demandada remover o demoler por su cuenta y riesgo una verja construida alegadamente en violación de las disposiciones del Reglamento de Zonificación.

La Sala sentenciadora hizo las siguientes conclusiones de hecho:

"1.—. . .

2.—La demandada Ana Delia Rivera es dueña de una propiedad radicada en el número B-109 de la Urbanización Santa María de Ponce, Puerto Rico, que es una zona o distrito residencial.

3.—Allá para el año 1960, la demandada proyectó construir una verja de bloques de cemento en la colindancia de su patio lateral izquierdo delantero, colindante con la casa número B-110, de la referida Urbanización Santa María.

4.—Con el objeto de conocer las disposiciones de la Junta de Planificación sobre la altura de una verja como la descrita, la demandada, Ana Delia Rivera, quien es Ejecutiva de la División de Bienestar Público de Ponce, instruyó a su empleado señor Wilfredo Cintrón Figueroa, para que éste se personase al Oficial de Permisos, Oficina de Ponce, a los efectos de obtener la información correspondiente.

5.—El señor Wilfredo Cintrón Figueroa, según instruido por la señora Ana Delia Rivera, se personó a la Oficina Local de la Junta de Permisos y se entrevistó con el ingeniero

de dicha agencia, señor Iván Vargas Peña, para dicha fecha a cargo interinamente de esa oficina.

6.—El señor Wilfredo Cintrón Figueroa conferenció con el señor Iván Vargas Peña, quien le preparó un croquis y le instruyó sobre la altura que podía darse a las verjas de la propiedad de la señora demandada, y específicamente instruyó e informó al señor Wilfredo Cintrón Figueroa que por el patio lateral izquierdo delantero podía construirse una verja de bloques de cemento hasta seis pies. (Véase declaración del Sr. Alfredo Cintrón Figueroa.)

7.—El croquis en cuestión fue firmado por el señor Iván Vargas Peña y entregado al señor Wilfredo Cintrón Figueroa, habiendo sido ofrecido en evidencia durante la vista del presente caso. En este croquis no aparece la altura de la verja.

8.—La señora demandada ordenó la construcción de una verja de bloques de cemento en la colindancia de su patio lateral izquierdo delantero, con una altura de seis pies seis pulgadas, o sea, seis pulgadas más alta que la verja autorizada por el Oficial de Permisos. La altura legal máxima, de una verja como la descrita, de conformidad con el Reglamento de Planificación Núm. 4, es la de un metro, siendo consecuentemente de mayor altura, la verja construida.

9.—En el momento que el Ingeniero Iván Vargas Peña instruyó al señor Wilfredo Cintrón Figueroa sobre los hechos anteriormente mencionados, dicho Ingeniero Iván Vargas Peña estaba en funciones en el ejercicio legal de sus atribuciones y empleo como Oficial de Permisos.

10.—La demandada Ana Delia Rivera al ordenar la construcción de la obra según descrita, no lo hizo temerariamente ni con intención de violar el Reglamento de Planificación aludido, sino bajo la creencia y autorizada por un Oficial de Permisos."

Establecidos los anteriores hechos, la Sala sentenciadora resolvió como cuestión de derecho que el permiso concedido a la demandada por el oficial de permisos era ilegal por ser contrario al Reglamento de Zonificación y por no tener dicho funcionario discreción para variar las disposiciones del referido Reglamento. Dictó sentencia ordenando a la demandada

que procediera a demoler, o reducir por su cuenta y riesgo la mencionada verja a una altura no mayor de un metro, en el término de 60 días. Convenimos con la Sala sentenciadora en que esta edificación se hizo en violación de un Reglamento, aun cuando fuera autorizada por un funcionario de la propia Junta. Siendo en violación de la ley procede su corrección.

Pero vistas las conclusiones de hecho de la propia Sala sentenciadora, particularmente las conclusiones 6a., 9a. y 10a., y tratándose de un procedimiento fundamentalmente equitativo el que invoca la demandante, *la sentencia debe ser modificada en el sentido de que el costo de la reducción en exceso de la altura de 1 metro y hasta 6 pies, no debe ser con cargo a la demandada. Así modificada se confirmará.*